**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GENE D. HARVEY                                )<br>97 K Street, N.W.,                              )<br>Washington D.C. 20001,                  )<br>                                                       )<br>         Plaintiff,                               )<br>                                                       )<br>   v.                                                )<br>                                                       )<br>                                                       )<br>DISTRICT OF COLUMBIA,               )<br>441 4th Street, N.W.,                          )<br>Washington D.C. 20001                     )<br>Serve:                                              )<br>                                                       )<br>Mayor Vincent C. Gray                     )<br>1350 Pennsylvania Avenue              )<br>Washington D.C. 20004                     )<br>                                                       )<br>Attorney General Irvin B. Nathan    )<br>Office of the Attorney General          )<br>441 4th Street, N.W.,                          )<br>Washington D.C. 20001                     )<br>                                                       )<br>and                                                  )<br>                                                       )<br>CHIEF CATHY L. LANIER               )<br>Metropolitan Police Department      )<br>300 Indiana Avenue, N.W.,              )<br>Washington D.C. 20001                     )<br>Individually and in her official capacity   )<br>                                                       )<br>and                                                  )<br>                                                       )<br>OFFICER MICHAEL KASCO         )<br>BADGE # 2799                                  )<br>Metropolitan Police Department      )<br>Individually and in his official capacity   )<br>101 M Street, S.W.                            )<br>Washington D.C. 20024                     )<br>                                                       )<br>and                                                  )<br>                                                       )<br>OTHER UNNAMED MPD OFFICERS  ) | Case No.: _____ |

1

| | |
|---|---|
| Metropolitan Police Department | ) |
| Individually and in their official capacity | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Gene D. Harvey, Plaintiff, by and through his attorneys, Brian K. McDaniel, Esq., and McDaniel & Associates, P.A., and brings this action against the Defendants, District of Columbia, Chief Cathy L. Lanier, Officer Michael Kasco Badge #2799, and other unnamed and unknown District of Columbia Metropolitan Police Department officers alleging the following:

### INTRODUCTION

1. On September 18, 2013, Plaintiff Gene D. Harvey was in the area of 97 K Street, N.W. Washington D.C. when he was attacked by District of Columbia Metropolitan Police Department Officer Michael Kasco – Badge #2799 while other unnamed District of Columbia Metropolitan Police Department officers watched and failed to provide any assistance to Mr. Harvey. Mr. Harvey was thrown to the ground where his face was repeatedly pushed into the ground and his hair was pulled, among other things. Officer Kasco was unprovoked and acted without any justifiable reason to do so. The other unnamed MPD officers failed to render assistance to Mr. Harvey. The officers' actions violated Mr. Harvey's rights under the First, Fourth and Fifth Amendments to the Constitution of the United States and constitute assault, battery, false imprisonment and intentional infliction of emotional distress under the laws of the District of Columbia. Accordingly, Mr. Harvey seeks compensatory and punitive damages from the officers,

named and unnamed, and the District of Columbia, as well as attorneys' fees and costs and other appropriate relief.

## JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983; the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and 12-309, and the common law.

3. This Court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

4. On October 31, 2013, Plaintiff Gene D. Harvey, pursuant to D.C. Code § 12-309 provided written notice to Defendant, District of Columbia and Mayor Vincent Gray, of his intent to sue based on the incident which is the basis of this Complaint. Attached to this Complaint is a copy of said notice in addition to a copy of the green return receipt.

5. Venue is placed in the District of Columbia because that is where the Plaintiff, Gene D. Harvey, resides, where the Defendants are employed, and where the events complained of occurred.

## PARTIES

6. Plaintiff Gene D. Harvey, now and at all times relevant to this claim, is an adult resident of the District of Columbia.

7. Defendant, Officer Michael Kasco, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the First District of the District of Columbia Metropolitan Police Department.

8. Defendants, other unnamed MPD officers, who are sued in their individual and official capacities, are now, and were at all relevant times, officers of the District of Columbia Metropolitan Police Department.

9. Defendant, Chief Cathy L. Lanier, who is sued in both her individual and official capacities, is now, and was at all relevant times, Chief of the District of Columbia Metropolitan Police Department. Chief Cathy L. Lanier has ultimate supervisory responsibility for the District of Columbia Metropolitan Police Department.

10. At all times relevant to this action, the Defendant Police Officers and Police Chief were acting under the color of law under their authority as Police Officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

11. Defendant, District of Columbia, is a municipality that owns, operates, manages, directs, and controls the District of Columbia Metropolitan Police Department (hereafter "MPD") and is being sued for the unlawful actions of the MPD.

## FACTS

12. Plaintiff, Gene D. Harvey, lives at 97 K Street, N.W., Washington D.C. 20001.

13. On September 18, 2013, Mr. Harvey was called to a location in and around the area of 97 K Street, N.W., where his cousin, Alesia Mainasara and his sister, Dasia Harvey were the subject of a traffic stop by MPD officers, including the named Defendant, Officer Kasco.

14. Subsequent to the traffic stop, MPD officers present at the stop determined that an arrest of Alesia Mainasara and Dasia Harvey was necessary.

15. At the time of the traffic stop, there were three minors in the vehicle with Alesia Mainasara and Dasia Harvey.

16. Mr. Harvey was called to the scene of the traffic stop to retrieve the minor children that were in the car and not being arrested.

17. Upon arriving on the scene, Mr. Harvey observed one of the minor children, Chrisie Harvey, standing outside of the vehicle crying.

18. Mr. Harvey stepped off the curb and asked Chrisie Harvey, "are you ok?"

19. Mr. Harvey then asked an MPD officer, who was later identified as Officer Kasco, "are the kids free to leave?"

20. Officer Kasco responded, "Get the fuck away from me!" Officer Kasco then instantly grabbed Mr. Harvey, placing both of his hands on Mr. Harvey's jacket, throwing him onto the hood of the police car. Officer Kasco then dragged Mr. Harvey from the hood of the police car, pushing his back into the police car door and then slamming him onto the ground.

21. While on the ground, Officer Kasco repeatedly pulled Mr. Harvey's hair and pushed his head into the ground while simultaneously saying to Mr. Harvey, "How you like that nigger?"

22. Officer Kasco then placed his knee into the back of Mr. Harvey stating, "You not so tough now, are you boy!"

23. Mr. Harvey asked, "What did I do?" and "Why are you doing this?"

24. While on the ground, Mr. Harvey heard voices remark, "What are you doing?" and "Let him up!"

25. Officer Kasco placed Mr. Harvey in handcuffs.

26. At all times relevant to the events herein described, Mr. Harvey was not committing any crimes and was obeying all laws.

27. This vicious, unwarranted and unprovoked attack was conducted in a public area and in the presence of other unnamed MPD officers in this Complaint.

28. Unnamed MPD officers stood Mr. Harvey up and took him to the back of a police van. One of the officers asked if Mr. Harvey needed a paramedic. Mr. Harvey replied, "I want to go to the hospital."

29. The officers waited approximately (30) thirty minutes before Mr. Harvey was transported to Howard University Hospital.

30. Mr. Harvey was never charged by criminal indictment or criminal information subsequent to his arrest.

31. Shortly after the incident, on or about October 28, 2013, Mr. Harvey filed a written complaint with the Government of the District of Columbia Office of Police Complaints. Said complaint is identified by OPC Complaint No. 14-0022. On November 22, 2013, Mr. Harvey was interviewed by Investigator Anthony Lawrence regarding the written complaint. The Office of Police Complaints referred the complaint to the United States Attorney's Office for possible prosecution of the officer(s) involved in the incident.

32. Upon information and belief, there is a custom or practice in the Metropolitan Police Department of subjecting certain arrestees to more than the minimum force than is necessary to accomplish his or her mission despite clear MPD policy prohibiting such a practice. This custom or practice is evidenced by Officer Kasco violently assaulting and violating the constitutional rights of Mr. Harvey.

33. Other unnamed MPD Officers observed the violent assault and violation of Mr. Harvey's constitutional rights and failed to render any assistance to him.

34. Officer Kasco and the other unnamed MPD officers acted intentionally and/or recklessly and with deliberate disregard to Mr. Harvey's constitutional and common law rights, and in intentional or reckless disobedience of MPD regulations.

35. At the time these events, MPD General Order – RAR – 901.07 strictly prohibits officers from using more than the minimum force that is necessary to accomplish his or her mission.

36. No reasonable police officer could have believed that there was a need to throw Mr. Harvey to the ground, pull his hair and repeatedly push his face into the ground. Mr. Harvey was not committing any crime nor was he resisting arrest.

37. Furthermore, it was not reasonable to believe that it was necessary for Officer Kasco to refer to Mr. Harvey by the term "Nigger".

38. Police officers have a duty to intercede when they witness the deprivation of rights by other officers in progress. Unnamed MPD officers knowingly and intentionally failed to intercede to prevent the violation of Mr. Harvey's rights.

39. Mr. Harvey suffered physical injury and pain as a result of the Defendant's conduct.

40. Mr. Harvey suffered extreme and severe emotional distress as a result of the named and unnamed Defendants' conduct. Mr. Harvey continues to suffer emotional distress as a result of the named and unnamed Defendants' conduct.

41. Mr. Harvey has been subjected to ridicule and disparagement as a result of his having been subjected to the physical assault and attack by Officer Kasco while other unnamed MPD officers looked on without rendering assistance.

**FIRST CAUSE OF ACTION**
Civil Rights Claims under 42 U.S.C. § 1983
(Officer Kasco and Other Unnamed MPD Officers)

42. Plaintiff hereby reasserts paragraph 1-41 of this Complaint, as though fully set forth herein.

43. At the time of the events herein described, Mr. Harvey was not committing any criminal act and was obeying all laws.

44. At the time of events herein described, the named and unnamed Defendant officers did not have probable cause to detain or arrest Mr. Harvey.

45. The Officers, as MPD Officers, had a duty to protect Mr. Harvey from the deprivation of his rights by Officer Kasco Badge #2799.

46. Officer Kasco's act of forcibly throwing the Plaintiff, Gene D. Harvey, onto the hood of the police car, then to the ground and repeatedly pushing his head into the ground and otherwise injuring Mr. Harvey, along with the other unnamed MPD officer's acts of providing support and assistance to Officer Kasco and failing to protect Mr. Harvey, directly and proximately subjected Mr. Harvey to the deprivation of his rights guaranteed by the United States Constitution and 42 U.S.C. § 1983. The actions violated Mr. Harvey's (a) Fourth Amendment right to be secure from unreasonable seizures; (b) Fifth Amendment right to due process of the law; and (c) First Amendment right to peaceably assemble.

47. At all relevant times, Defendant officers:

    a. wore the apparel of the District of Columbia MPD;

    b. used the resources and property of the MPD;

    c. were on active duty as Officers of the MPD;

    d. acted under their authority as officers of the MPD; and

    e. acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

48. The officers knew and intended or should have known that their acts would violate Mr. Harvey's Constitutional rights.

49. Plaintiff, Gene D. Harvey, is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

50. Plaintiff, Gene D. Harvey is further entitled to punitive damages to punish the officers, named and unnamed, for their knowing and intentional misconduct in violating his Constitutional rights.

### SECOND CAUSE OF ACTION
### Violation of Constitutional Rights pursuant to 42 U.S.C. § 1983
### (Defendant District of Columbia)

51. Plaintiff hereby reasserts paragraphs 1 – 50 of this Complaint as though fully set forth herein.

52. Defendant District of Columbia is liable for Mr. Harvey's damages under *Monell v. Department of Social Services,* 436 U.S. 658, 701 (1978), due to the MPD's custom and practice of using more than the minimum force than is necessary to accomplish their mission causing unnecessary injury to the public citizens.

### THIRD CAUSE OF ACTION
### Assault

**(Defendant Officer Kasco and Other Unnamed MPD Officers)**

53. Plaintiff hereby reasserts paragraphs 1-52 of this Complaint as though fully set forth herein.

54. Plaintiff was in fear of imminent bodily harm when Officer Kasco shouted, "Get the fuck away from me!" and then aggressively approached the Plaintiff grabbing him with two hands and forcibly throwing him onto the hood of a police car and then slamming him onto the ground.

55. Officer Kasco intentionally threatened Mr. Harvey with imminent bodily harm when he aggressively approached and grabbed him with two hands and threw him on the hood of the police car and then to the ground without any articulable reason for said action.

56. Due notice under all applicable statutes has been given to the Defendants.

57. The actions of the District of Columbia are the direct cause of the injuries described above. Mr. Harvey is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

58. The intentional and malicious actions of Officer Kasco and other unnamed MPD officers are the direct cause for the injuries described above. Mr. Harvey is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

**FOURTH CAUSE OF ACTION**
**Battery**
**(Defendants Officer Kasco and Other Unnamed MPD Officers)**

59. Plaintiff hereby reasserts paragraphs 1-58 of this Complaint, as though fully set forth herein.

60. MPD Officer Kasco engaged in harmful and offensive contact of Mr. Harvey by grabbing him with two hands and forcibly throwing him onto the hood of the police car, then slamming him onto the ground and then repeatedly pushing his head into the ground. Officer Kasco engaged in this abhorrent conduct despite not having any probable cause to believe that Mr. Harvey was engaged in any illegal activity.

61. The actions of Officer Kasco caused Mr. Harvey serious physical and emotional injuries.

62. Due notice under all applicable statutes has been given to the Defendants.

63. The actions of the District of Columbia are the direct cause of the injuries described above. Mr. Harvey is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

64. The intentional and malicious actions of Officer Kasco and other unnamed MPD officers are the direct cause for the injuries described above. Mr. Harvey is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

**FIFTH CAUSE OF ACTION**
**Conspiracy**
**(Defendants Officer Kasco and Other Unnamed MPD Officers)**

65. Plaintiff hereby reasserts paragraphs 1-64 of this Complaint as though fully set forth herein.

66. Officers Kasco and other unnamed MPD officers in this Complaint by their actions and through common design on September 18, 2013 unlawfully conspired to violate the constitutional rights, assault, batter and falsely imprison Mr. Harvey.

67. As a result of the conspiracy, Mr. Harvey suffered physical and emotional injury and was deprived of his Constitutional and common law rights.

68. Mr. Harvey is therefore entitled to monetary damages to compensate him for all of his injuries.

## SIXTH CAUSE OF ACTION
### Negligence
### (Defendants Officer Kasco and Other Unnamed MPD Officers)

69. Plaintiff hereby reasserts paragraph 1-68 of this Complaint as though fully set forth herein.

70. On September 18, 2013, Officer Kasco and other unnamed MPD officers in this Complaint during the course and scope of their employment by the District of Columbia negligently caused the assault and battery of Mr. Harvey.

71. Officer Kasco had a continuous duty to exercise due care in the arrest of Mr. Harvey to ensure that he was not subjected to unnecessary injury.

72. Officer Kasco breached that duty of care and negligently caused injury to Mr. Harvey.

73. As a result of Officer Kasco's actions, Mr. Harvey suffered and continues to suffer from emotional distress and psychological trauma.

74. Other unnamed MPD officers present during the violent assault of Mr. Harvey had a duty to render assistance to Mr. Harvey to prevent and/or stop the attack on Mr. Harvey.

75. Other unnamed MPD officers breached that duty of care and negligently caused injury to Mr. Harvey.

76. As a result of the other unnamed MPD officers' actions, Mr. Harvey suffered and continues to suffer emotional distress and psychological trauma.

77. Mr. Harvey is therefore entitled to recover money damages to compensate for his pain and suffering and emotional distress which the Defendant officers negligently inflicted on him.

### SEVENTH CAUSE OF ACTION
### False Imprisonment
### (Defendants Officer Kasco and Other Unnamed MPD Officers)

78. Plaintiff hereby reasserts paragraphs 1-77 of this Complaint as though fully set forth herein.

79. Defendant Officer Kasco did intentionally obstruct and detain Mr. Harvey, over his continual objection, when he grabbed Mr. Harvey with two hands and threw him on the hood of the police car, slammed him onto the ground placing his knee into the back of Mr. Harvey and then placing him in handcuffs.

80. Mr. Harvey reasonably believed that it would be dangerous for him to attempt to flee in light of the presence of numerous MPD officers in this location along with the fact that Officer Casco had his knee in the back of Mr. Harvey while on the ground.

81. Officer Kasco and other unnamed MPD officers should, therefore, be held liable for the false detention of Mr. Harvey and pay appropriate damages for the violation of his Constitutional and common law rights.

### EIGHTH CAUSE OF ACTION
### Respondeat Superior
### (Defendant District of Columbia)

82. Plaintiff hereby reasserts paragraphs 1-81 of this Complaint as though fully set forth herein.

83. At all relevant times during the circumstances described in this Complaint, the officers were acting within the scope of their official duty as Police Officers and employees of the District of Columbia.

84. The District of Columbia should, therefore, be held liable for the common law claims against the Officer Kasco and other unnamed MPD officers and pay appropriate damages to Mr. Harvey.

## NINTH CAUSE OF ACTION
### Negligent Training and Supervision
### (Defendants District of Columbia and Chief Cathy L. Lanier)

85. Plaintiff hereby reasserts paragraph 1-84 of this Complaint as though fully set forth herein.

86. On or before September 18, 2013, the District of Columbia and the MPD Chief Cathy L. Lanier were under a duty to properly train, supervise, investigate and correct improper actions of MPD Officers.

87. The District of Columbia and Chief Cathy L. Lanier, recklessly and without regard for the rights of others, breached their duty to properly train, supervise, investigate and correct the improper actions of its employee Police Officers.

88. The District of Columbia's and Chief Cathy L. Lanier's disregard for the rights of others, in particular those of Mr. Harvey, was the direct and proximate cause of the substantial injuries Mr. Harvey sustained.

89. As a result of the District of Columbia's and Chief Cathy L. Lanier's failure to act, Mr. Harvey endured pain and suffering, emotional trauma, extreme humiliation and deprivation of his Constitutional and civil rights.

90. Mr. Harvey is therefore entitled to money damages to compensate for all of his injuries.

## TENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
**(Defendants Officer Kasco and Other Unnamed MPD Officers)**

91. Plaintiff hereby reasserts paragraphs 1-90 of this Complaint as though fully set forth herein.

92. Officer Kasco and the other unnamed MPD officers assaulted and battered Mr. Harvey intentionally and acted with intentional and/or reckless disregard of his rights.

93. As a result of Officer Kasco and the other unnamed MPD officers intentional and/or reckless acts, Mr. Harvey suffered and continues to suffer severe emotional distress.

94. Mr. Harvey is therefore entitled to monetary damages to compensate him for his emotional injury.

95. Mr. Harvey is further entitled to an award of punitive damages to punish Officer Kasco and the other unnamed MPD officers for their willful and malicious and/or reckless misconduct toward him.

## RELIEF REQUESTED

Wherefore, Plaintiff Gene D. Harvey hereby sues Defendants, the District of Columbia, Chief Cathy L. Lanier, Officer Kasco and other unnamed MPD Officers, and claims the sum of:

a. pecuniary damages to fully compensate Plaintiff for medical treatment necessitated by Defendants' acts;

b. compensatory damages in excess of $500,000;

15

    c.  punitive damages in the amount of $5,000,000;

    d.  attorney's fees per 42 U.S.C. § 1983; and

    e.  any other relief which this Court decides is necessary in the interest of justice.

## JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

                                    Respectfully submitted,

                                    _/s/ Brian K. McDaniel_
                                Brian K. McDaniel, Esq.,
                                D.C. Bar# 452807
                                McDaniel & Associates, P.A.,
                                1025 First Street, S.E.,
                                Suite 1413
                                Washington D.C. 20003
                                Tel: 202-331-0793
                                Fax: 202-331-7004
                                *Counsel for the Plaintiff*