UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE HARVEY,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL KASCO, <u>et al.</u>,<br><br>   Defendants. | Case No. 1:14-cv-01571 (CRC) |

**MEMORANDUM OPINION AND ORDER**

After Gene Harvey's cousin and sister were arrested in the course of a traffic stop, he was summoned to the scene to retrieve three children who had been in their car. When he arrived, Harvey claims that Metropolitan Police Department Officer Michael Kasco assaulted him—while other officers looked on—and then arrested and booked him with the help of Kasco's colleagues. Harvey has filed suit against Officer Kasco and his unnamed fellow officers for violating his First, Fourth, and Fifth Amendment rights and for common law assault, battery, conspiracy, negligence, false arrest, false imprisonment, and intentional infliction of emotional distress. He has also sued the District of Columbia under <u>Monell v. Department of Social Services of New York</u>, 436 U.S. 658 (1978), for maintaining a custom or practice of using excessive force; for *respondeat superior* liability stemming from the officers' conduct; and for negligent training and supervision of the officers. The District moves to dismiss Harvey's <u>Monell</u> and negligent training and supervision claims against it, and Officer Kasco moves to dismiss the Fifth Amendment, conspiracy, and negligence claims against him. For the reasons explained below, the Court will grant the defendants' motion except as to Harvey's negligence claim against Officer Kasco.

**I.     Background**

The following facts are drawn from Mr. Harvey's complaint.  The Court accepts them as true for the purpose of resolving the defendants' partial motion to dismiss.  On September 18, 2013, Harvey received a call that his sister and cousin had been subject to a traffic stop near his home by several Metropolitan Police Department ("MPD") officers and would be arrested.  Am. Compl. ¶¶ 12–13.  Because three children were also in the car, Harvey attempted to retrieve them at the scene.  Id. ¶ 15.  When he arrived, Harvey asked Officer Kasco if the children were free to leave.  Id. ¶ 18.  According to Harvey, Kasco responded by throwing him onto the hood of a police car, slamming him to the ground, pulling his hair, and pressing a knee into his back while cursing and taunting him.  Id. ¶¶ 19–21.  Harvey alleges that he heard other voices say "What are you doing?" and "Let him up!"  Id. ¶ 23.  Harvey claims that the other officers neglected to help him during his encounter with Kasco and later falsely arrested and booked him.  Id. ¶¶ 27–29, 31.  No charges were filed and Harvey was eventually released.  Id.  Just over a month later, Harvey submitted a written complaint to the District of Columbia Office of Police Complaints, which referred the matter to the U.S. Attorney's Office for possible prosecution of the officers involved.  Id. ¶ 32.  After the U.S. Attorney's Office declined to prosecute, id. ¶ 33, Harvey filed this suit.

His amended complaint alleges seven counts against Officer Kasco and his colleagues for violation of his First, Fourth, and Fifth Amendment rights under 18 U.S.C. § 1983 (Count I), common law assault (Count III), battery (Count IV), conspiracy (Count V), negligence (Count VI), false imprisonment and false arrest (Count VII), and intentional infliction of emotional distress (Count X).  It further alleges three counts against the District of Columbia for maintaining a custom or practice that led to the officers' alleged constitutional violations (Count II), vicarious liability (Count VIII), and negligent training and supervision (Count IX).  The District now moves to dismiss Harvey's constitutional and negligent training and supervision claims against it, and Kasco

2

moves to dismiss his Fifth Amendment, conspiracy and negligence claims. The defendants have not moved to dismiss Harvey's claims against the unnamed officers; his *respondeat superior* claim against the District; or his remaining First and Fourth Amendment, assault, battery, false imprisonment, false arrest, and intentional infliction of emotional distress claims against Kasco.

## II.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted if the allegations in the complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the court "must take all of the factual allegations in the complaint as true," legal conclusions "couched as a factual allegation" do not warrant the same deference. Id. (citing Twombly, 550 U.S. at 555).

## III.    Analysis

### A.     *Monell* Claims Against the District of Columbia

Harvey alleges that the District of Columbia is liable for Officer Kasco's conduct because it reflected "a custom or practice in the [MPD] of subjecting certain arrestees to more than the minimum force than is necessary to accomplish his or her mission despite clear MPD policy prohibiting such a practice." Am. Compl. ¶ 34, 55. A municipality may be held liable for the constitutional violations of its officers if they are caused by municipal policies, customs, or practices. See Monell, 436 U.S. at 691. Courts engage in a two-part inquiry to determine whether a plaintiff has stated a claim for municipal liability. See Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citing Collins v. City of Harker Heights, 503 U.S. 115, 124 (1992)). First, the court evaluates "whether the complaint states a claim for a predicate constitutional

violation." Id. At this step, "[a]ll that is being established . . . is that there is some constitutional harm suffered by the plaintiff, not whether the municipality is liable for that harm." Baker, 326 F.3d at 1306. Second, the court determines "whether the complaint states a claim that a custom or policy of the municipality caused the violation." Id. (citing Monell, 436 U.S. at 694). To do so, the complaint must "allege[] an affirmative link" between the policy and the incident "such that a municipal policy was the moving force behind the constitutional violation." Id. (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). Harvey's allegations satisfy the first part of the inquiry, as excessive force in the course of an arrest constitutes a predicate constitutional violation. See, e.g., Graham v. Connor, 490 U.S. 386, 388 (1989) (holding that excessive force claims against law enforcement officers are properly analyzed under the Fourth Amendment). Harvey's complaint falters at the second step of the test, however, as it does not allege facts that could establish that an MPD policy or practice was the moving force behind the officers' alleged wrongdoing. Harvey simply alleges "upon information and belief" that MPD has a custom or practice of using excessive force on "certain arrestees" in violation of "clear MPD policy." Am. Compl. ¶ 34. He provides no supporting facts to establish that the alleged policy or unofficial practice exists or why it would supersede the "clear MPD policy" he acknowledges would require the opposite. Such conclusory allegations that merely recite the legal standard fall well short of the requirements for pleading municipal liability. Tuttle, 471 U.S. at 823 (noting that municipal liability claims require specific factual connections between police policy and constitutional harms because otherwise virtually any allegation of harm inflicted by a municipal official would qualify). The Court will therefore grant the motion to dismiss Harvey's constitutional claims against the District.

B.     Fifth Amendment Claim Against Kasco

Harvey also alleges that Kasco's conduct constitutes a violation of the Fifth Amendment's guarantee of substantive due process.  A plaintiff may not make a substantive due process claim for police misconduct when his claim "'is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment[.]'"  Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)).  More specifically, "[w]here a section 1983 claim alleging police misconduct 'arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, . . . rather than under a 'substantive due process' approach [of the Fifth Amendment]."  Matthews v. District of Columbia, 730 F. Supp. 2d 33, 36 (D.D.C. 2010) (quoting Graham v. Connor, 490 U.S. 386, 394 (1989)).  In Matthews, a fellow court in this district found that a Fifth Amendment claim predicated on the detention and invasive strip searches of the plaintiffs merged with Fourth Amendment claims because the allegations fundamentally described an illegal search and seizure.  Id.  Harvey's Fifth Amendment claim merges with his Fourth Amendment claim for the same reasons.  His allegations relate solely to the contention that MPD officers illegally detained and arrested him.  Harvey argues that he has nonetheless stated an independent Fifth Amendment cause of action because his claim encompasses not only Kasco's use of excessive force, but also the other officers' failure to intervene.  Opp'n at 8.  Yet the movants here are Kasco and the District, not the unnamed officers.  Moreover, the fact that more than one officer was present at the scene of an allegedly unconstitutional arrest does not, without more, transform the alleged offense into a substantive due process violation in addition to an illegal search and seizure.  The Court therefore finds that Harvey's Fifth Amendment claim against Kasco merges with his Fourth Amendment claim and will grant Kasco's motion to dismiss on this issue.

C.   Conspiracy Claim Against Kasco

Harvey further alleges that the officers conspired to falsely arrest him to cover up Officer Kasco's unjustified use of force. To establish a *prima facie* claim for conspiracy, a plaintiff must show "(1) an agreement between two or more persons (2) to participate in an unlawful act, and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement in furtherance of the common scheme." Phillips v. Mabus, 894 F. Supp. 2d 71, 96 (D.D.C. 2012) (citing Paul v. Howard Univ., 754 A.2d 297, 310 n.27 (D.C. 2000)); see also Hall v. Clinton, 285 F.3d 74, 82–83 (D.C. Cir. 2002) (citing Halberstam v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983)). Conspiracy allegations must be specific, as "'bald speculation or a conclusory statement that individuals are co-conspirators is insufficient to establish' a claim for conspiracy." Phillips, 894 F. Supp. 2d at 96 (quoting 3M Co. v. Boulter, 842 F.Supp.2d 85, 112 (D.D.C. 2012)). Harvey does not meet this burden, as he provides no specific allegations to support his claim of a conspiracy to falsely arrest him beyond the fact that the U.S. Attorney's Office declined to pursue charges. Opp'n at 9. He relies on Kivanc v. Ramsey, 407 F.Supp. 2d 270, 275–76 (D.D.C. 2006), to argue that his bare allegations are sufficient to survive a motion to dismiss. Yet Kivanc explicitly applies pre-Twombly/Iqbal pleading standards, which merely required the Court to be able to "imagine a set of facts that plaintiff might prove consistent with his allegations that would entitle him to relief." Kivanc, 407 F. Supp. at 276 (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Under Twombly and Iqbal's more demanding pleading standards, the plaintiff must include sufficient factual content in his complaint to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Considered under this framework, a prosecutor declining to pursue charges is not, on its own, a sufficient basis to infer that Kasco is liable for conspiring with his fellow officers to falsely

arrest Harvey to cover up his alleged use of excessive force. Accordingly, the Court will grant the motion to dismiss the conspiracy claim.

          D.      Negligence Claim Against Kasco

Harvey also pleads a negligence claim against Kasco based on the alleged excessive force used in the course of his arrest. The District responds that a negligence claim cannot coexist with Harvey's claim of battery, since battery is an intentional tort and negligence is an unintentional one. While the District is correct that a plaintiff may not recover on inconsistent theories of liability or "combine negligence and intentional torts into a single cause of action," a plaintiff may certainly plead them as separate theories of liability. Dingle v. District of Columbia, 571 F. Supp. 2d 87, 99 (D.D.C. 2008); see also Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). As in Dingle, which also involved allegations of excessive force by MPD officers, Harvey "has alleged assault and battery in a single count and . . . negligence i[n] a distinctly separate count." Id. Thus, he "may continue to allege both of these inconsistent theories so long as [he] does not recover damages on both claims." Id.; see also Scott v. District of Columbia, 101 F.3d 748, 753 (D.C. Cir. 1996) (holding that plaintiff "could properly plead alternative theories of liability, regardless of whether such theories were consistent with one another" but could not ultimately recover damages "based on inconsistent theories when one theory precludes the other or is mutually exclusive") (citations omitted); Sabir v. District of Columbia, 755 A.2d 449, 452 (D.C. 2000) (noting that a plaintiff may plead negligence in the alternative to the intentional torts of assault and battery). Accordingly, the Court will deny the motion to dismiss Harvey's negligence claim.

          E.      Negligent Training and Supervision Claim Against the District

Finally, Harvey pleads a claim of negligent training and supervision against the District based on the injuries he allegedly suffered at the hands of Kasco and other MPD officers. To

establish such a claim, a plaintiff must "'show that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee.'" District of Columbia v. Tulin, 994 A.2d 788, 794 (D.C. 2010) (quoting Giles v. Shell Oil Corp., 487 A.2d 610, 613 (D.C. 1985)); Miner v. District of Columbia, No. CV 13-0633, 2015 WL 1569957, at *6 (D.D.C. Apr. 9, 2015) (quoting Giles standard).  Here, Harvey has not pled any facts regarding the District of Columbia's knowledge that one of its officers would allegedly use excessive force in effectuating an unjustified arrest in a single incident, or that other officers would fail to intercede. Harvey therefore has not provided a basis on which the Court could infer that the District knew or should have known its employees would behave in a dangerous or incompetent manner.  The Court will grant the District's motion to dismiss on this claim.

**IV.   Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Partial Motion to Dismiss [ECF No. 11] is GRANTED in part and DENIED in part; it is further

**ORDERED** that Count II (Municipal Liability), Count V (Conspiracy), and Count IX (Negligent Training and Supervision) are hereby DISMISSED; it is further

**ORDERED** that Count I is hereby DISMISSED as it relates to Harvey's Fifth Amendment claim.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date:    June 17, 2015